IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN JOHNSON,             ) | |
| )   | |
| Plaintiff,             )   | NO. 3:09-0727 |
| )   | JUDGE HAYNES |
| v.             )   | |
| )   | |
| NAACP of Clarksville, Tennessee;  ) | |
| JOHN BIRDSONG, Director;          ) | |
| JERRY JERKINS, Director of Tennessee  ) | |
| NAACP Authority on Title VII;     ) | |
| TAMMY BROWN, NAACP Member;        ) | |
| JUAN KINDELAN; MINNIE BOMMER;     ) | |
| JOSE VELAZQUEZ; RICHARD MORIN;    ) | |
| CHERIE CASH-RUTLEDGE;             ) | |
| JUANITA CANNON; ANTHONY DANIELS;  ) | |
| and JOHN HEDGECOTH,               ) | |
| )   | |
| Defendants.             )   | |

## O R D E R

Plaintiff, Kevin Johnson, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: the NAACP of Clarksville, Tennessee; John Birdsong, Director of the NAACP of Clarksville, Tennessee; Jerry Jerkins, Director of Tennessee NAACP Authority on Title VII; Tommy Brown, NAACP member; Juan Kindelan; Minnie; Bommer, Jose Velazquez, Richard Morin, Cherie Cash-Rutledge, Juanita Cannon, Anthony Daniesl and John Hedgecoth. Plaintiff's claims arise out alleged violations of Title VI of the Civil Rights Act, 42 U.S.C. § 2000e et seq. in and around Clarksville, Tennessee. The attachments to Plaintiff's complaint reflect that a state commission was created to monitor Title VI compliance. According to the complaint, the named Defendants are private persons and entity. To be sure, Plaintiff refers to some of these Defendants as members of the State's Title VI Commission, but in the caption and body of his

complaint, Plaintiff's relief focuses on the NAACP's Clarksville branch, its officers and members. (Docket Entry No. 1, Complaint at p. 6).

The Court must conduct an initial review of a pro se plaintiff's complaint to assess whether the complaint states a claim for relief. 28 U.S.C. § 1910(e)(2)(B)(ii). To state a claim under 42 U.S.C. § 1983, the Defendant must act under color of state law. Tahfs v. Procter, 316 F.3d 584, 590 (6th Cir. 2003). Conclusory allegations of a conspiracy with state officials and private individuals or a private individual's use of a state process, does not convert a private person into a Section 1983 defendant. Id. at 590. Even a pro se plaintiff has the burden to identify whether the defendant is sued in his or her official capacity or individual capacity. Moore v. City of Harriman, 272 F.3d 769, 786 (6th Cir. 2001) (citations omitted).

From the Court's review of the complaint, Plaintiff appears to focus on the Defendants as members of the NAACP that are private parties, not state actors. Thus, this action under 42 U.S.C. § 1983 should be dismissed with prejudice.

Pursuant to 28 U.S.C. § 1915(e)(2), (b) (ii) this action is **DISMISSED with prejudice** against these Defendant as private individuals for Plaintiff's failure to state a claim upon which relief can be granted. Any appeal of this Order would not be in good faith as required by 28 U.S.C.§ 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 16<sup>t</sup> day of October, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge